FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 12 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

POM, INCORPORATED            PLAINTIFF

v.           CASE NO. 4:07CV 01057 JMM

MAHLE ENGINE COMPONENTS USA, INC.          DEFENDANT

### STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

The parties to this action recognize that it may be necessary to disclose to their opponent certain confidential information relating to the subject matter of this action, but each wishes to insure that such confidential information shall not be used for any purpose other than preparation for and trial of this action, and shall not be made public or be otherwise disseminated other than as set forth herein. The parties represent that they have no intention to use any confidential information obtained from another party for any purpose other than in connection with this action.

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties through their respective counsel that pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure that the following Protective Order be entered.

**IT IS HEREBY ORDERED THAT:**

1. **"Confidential Information"** means any type of information, document or tangible object, including but not limited to photographs and videotape recordings, which is designated in good faith as confidential by the supplying party, whether it be a tangible thing, a document, information contained in a document, information revealed during a deposition or

during an inspection of the facilities of the parties, or information revealed in an interrogatory answer or other discovery. Confidential Information includes, but is not limited to, sensitive business information, such as financial, strategic, technical, trade secret, or other information.

2. **"Qualified Person"** means:

   a. The attorneys and their law firms of record in this action and any associated counsel and stenographic, clerical or paralegal employees of those attorneys and counsel to whom it is necessary that information be disclosed for purposes of this action;

   b. Representatives from Plaintiff and Defendant, as long as the parties and their representatives read this Protective Order and complete and sign a Confidentiality Agreement in the general form of Exhibit A, attached;

   c. Independent experts employed by a party or the attorneys of record in this action who agree in writing to be bound by the terms of this Protective Order. The independent expert must read this Protective Order and complete and sign a Confidentiality Agreement in the general form of Exhibit A, attached;

   d. Witnesses for either party who agree in writing to be bound to the terms of this Protective Order. The witness must read this Protective Order and complete and sign a Confidentiality Agreement in the general form of Exhibit A, attached;

   e. Any other person who is designated as a Qualified Person by Order of the Court, after notice to all parties, or who, by agreement of the parties, is designated as a Qualified Person. Counsel for the party receiving the

Confidential Information shall promptly notify Counsel for the producing party in writing of the name of each "other person" to whom any such information and material is to be shown or communicated. If agreement cannot be reached, the party opposing the "other person" shall make an appropriate motion. In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any further restrictions or limitations should be placed on such disclosure, and no disclosure of Confidential Information shall be made until the Court has ruled. Any person designated under this subparagraph must read this Protective Order and complete and sign a Confidentiality Agreement in the general form of Exhibit A, attached; and

    f.    The Court, its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, and professional court reporters engaged to transcribe testimony in this litigation.

3. The information designated "CONFIDENTIAL INFORMATION" as discussed in Paragraph 1 above, and all tangible embodiments thereof, all copies thereof, and all information contained therein:

    a.    shall not be used by any person for any purpose other than the preparation for trial, the trial, hearings, and appeal(s) of this case or where required by order of this Court;

    b.    shall be filed with the Court, should filing be required or granted by leave of Court, only in a sealed envelope or container and shall not be disclosed by the Clerk or any other person except upon further order of this Court.

        On the sealed envelope or container shall be affixed the caption of this action, and a statement in the following form:

> **CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER.** This envelope contains documents which have been filed in this case by _____ [name of party] and is not to be opened nor the contents thereof to be displayed or revealed except by the Court or upon order of the Court.

The filing shall contain the words "**FILED UNDER SEAL**" in the caption under the name of the document. The sealed envelope will contain the original and two copies of the filing. The Clerk's office will update the electronic docket to reflect that the document was filed under seal.

   c.   shall not be disclosed to any person other than those listed in Paragraph 2 of this Protective Order.

4.   a.   Documents and things produced that contain Confidential Information may be designated as "CONFIDENTIAL." Each page of the document or thing shall be marked to reflect its designation as "CONFIDENTIAL." Only Qualified Person(s) to whom it is necessary that the information be disclosed for purposes of this action shall have access to information designated "CONFIDENTIAL."

   b.   In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

  c. Any information designated as Confidential Information shall not be made available by the party receiving it to any persons or entities other than Qualified Person(s) in accordance with this Order, except when disclosure is required by law or the information is otherwise available to the public or is disclosed by a third party who has a lawful right to disclose the same.

5. Only persons designated as Qualified Person(s) pursuant to Section 3(a), (b), (c), and (e) will be allowed to attend that portion of any deposition in which Confidential Information of a party is used or communicated from or to a deponent. Following the receipt of the written deposition transcript, the defending party, or in the case of a third-party deposition, the party affiliated with the deponent shall within ten (10) business days (unless extended by agreement of the parties), notify the party taking the deposition in writing which portions of the deposition, if any, should be designated "CONFIDENTIAL" pursuant to this Protective Order.

6. A party designating information as "CONFIDENTIAL" has the affirmative obligation to do so in the good-faith belief that such information is entitled to protection from disclosure.

7. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party objecting to the designation may seek appropriate relief from this Court. The party seeking to alter the designation shall have the burden of proof. All parties shall continue to treat any information designated as "CONFIDENTIAL" consistent with the terms of

this Protective Order pending a ruling on any motion to challenge such a designation and until such designation is altered or amended by Order of this Court or agreement of the parties.

8.  Any documents or exhibits produced and any transcripts of depositions taken in any prior litigation that contain Confidential Information and are subject to protective orders in those cases shall be produced under, and made subject to, the protections provided in this Protective Order.

9.  All discovery materials designated "CONFIDENTIAL" shall be used by the person receiving it solely for the prosecution or defense of the claims in this litigation or any appeal therefrom and shall not be used by that person for any business, commercial, competitive, personal, or other purpose.

10. Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as "CONFIDENTIAL" consents, in writing, to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

11. All discovery, testimony, exhibits and other material filed with the Court, including, *inter alia,* transcripts of depositions, exhibits, briefs, and memoranda, which comprise or contain Confidential Information shall be filed and kept by the Court in sealed envelopes or other appropriately sealed containers in accordance with Paragraph 3 herein.

12. The Clerk of the Court is directed to maintain under seal all documents, transcripts of deposition testimony, and other material filed in this action which have been designated, in whole or in part, as "CONFIDENTIAL."

13. Within sixty (60) days after the conclusion of this litigation or the final conclusion of any appeal taken from its final judgment in this Action, the original and/or copies of all "CONFIDENTIAL" documents and things produced by a party, attached to motions, or

marked as deposition exhibits shall be returned to the producing party. Alternatively, the party in possession of such documents may certify, in writing, that the Confidential Information has been destroyed through means guaranteed to prevent unauthorized disclosure.

14. Insofar as the provisions of this Protective Order restrict the communication or use of the documents produced hereunder, this Order shall continue to be binding after the conclusion of this litigation except:

   a. That there shall be no restriction on any document that was used as an exhibit in Court unless such exhibit was maintained under seal; and

   b. That a party may seek the written permission of the producing party for production.

15. The designation of any material in accordance with this Protective Order as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation shall not be an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

16. Nothing in this Protective Order shall require disclosure of any material which counsel for plaintiff or defendants contend is protected from disclosure by the attorney-client privilege, work-product doctrine immunity, or any other legally recognized privilege.

17. The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine, or any other legally recognized privilege, and no party shall be held to have waived any rights by such inadvertent production. Upon written request by the inadvertently producing party, the receiving party shall (a) return the original and

all copies of such documents and (b) shall not use such information for any purpose unless allowed by order of the Court.

18. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

    a. was, is, or becomes public knowledge, not in violation of this Protective Order;

    b. is acquired by the non-designating party from a third party having the right to disclose such information or material; or

    c. was lawfully possessed by the non-designating party prior to entry by the Court of this Protective Order.

19. Nothing in this Protective Order shall be construed to restrict a party's use of its own Confidential Information.

20. The terms and conditions of this Protective Order shall survive and remain in force and effect after the termination of this action. This Order may be amended as need may arise by the mutual written consent and agreement of counsel without prior leave of the Court or by further order of the Court. Nothing in this Order shall be deemed to preclude any party from seeking a modification of this Order or an additional protective order.

SO AGREED AND STIPULATED.

*/s/ Daniel F. Gourash*
Daniel F. Gourash (OBN 0032413)
Seeley Savidge Ebert & Gourash Co., LPA
26600 Detroit Road
Cleveland, OH 44145-2397
telephone: (216) 566-8200 / fax: (216) 566-0213
dfgourash@sseg-law.com

and

*/s/ H. William Allen*
H. William Allen (ABN 690001)
Brooks C. White (ABN 2000-093)
Allen Law Firm
A Professional Corporation
212 Center Street, 9th Floor
Little Rock, AR 72201
telephone: (501) 374-7100

Attorneys for Defendant, MAHLE Engine Components USA, Inc.


*/s/ Michael S. Robbins*
Michael S. Robbins
Robbins & Capp
Attorneys at Law
P.O. Box 1306
915 West Main, Suite C
Russellville, Arkansas 72811-1306

Attorney for Plaintiff, POM, Incorporated


**IT IS SO ORDERED:**

JUDGE JAMES M. MOODY

Feb 12, 2008

9

## EXHIBIT A

IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

POM, INCORPORATED                                                   PLAINTIFF

v.                                          CASE NO. 4:07CV 01057 JMM

MAHLE ENGINE COMPONENTS USA,                                        DEFENDANT
INC.

## CONFIDENTIALITY AGREEMENT

I, _____, declare under penalty of perjury that:

1. My address is _____, I am currently employed by _____, and the address of my present employer is _____.

2. My present occupation or job description is _____ _____.

3. I have received a copy of the Stipulated Protective Order for Confidential Information (the "Protective Order") entered in this action.

4. I have read and understood the provisions of the Protective Order and agree to be bound by them.

5. I agree that I will return all Confidential Information disclosed to me during the course of the proceedings to counsel for the party by whom I am retained or employed upon the termination of the proceedings or the request of said counsel.

Dated:_____          _____
                                              (Signature)